# 8220

No. 8284

COURT OF APPEAL

PARISH OF ORLEANS.

****

MRS. SOPHIE GASTAUER

versus

GEORGE GASTAUER,

her husband.

***

******

Court of Appeal
PARISH OF ORLEANS
FILED APR 19 1927

8220

Dinkelspiel; J.

This proceeding arises through a rule brought by Mrs. Sophie Gastauer, against the law firm of Woodville & Woodville, and J. A. Woodville and J. L. W. Woodville, the individual members of said firm, to compel them to turn over to George Montgomery, Esquire, for the purpose of being included in proces of partition, which had been referred to him and which he had been ordered to draw up by the Judge having jurisdiction of this matter, the sum of One Thousand Dollars, which money is claimed by plaintiff in rule was realized from the sale of a mortgage note, property of the community existing between plaintiff in rule and her husband, from whom she has by order of Court, been divorced and separated in property.

Plaintiff in rule alleges that the One Thousand Dollars involved should be turned over to said Notary for the reason that at the time this fund came into the hands of Woodville & Woodville, it was community property, to their knowledge, and that same is being retained by them in satisfaction of the separate debts of her divorced husband, which debts are not chargable against her and therefore these parties should be compelled to account for said money in full, adding legal interest thereon, to the Notary before whom the partition proceedings were ordered to be taken, had been referred by the Court.

The rule was taken out in the suit originally filed by the wife against her husband, for separation of property, in which suit she claimed that the property upon which the One Thousand Dollars above referred to had been borrowed, was her separate property, but which the Supreme Court decreed was the property of the community existing between herself and her husband, from whom at that time she had not been divorced and against whom, in the same decree, the Court granted her a separation of property.

386

Gastauer vs. Gastauer, 131 Ann. ps. 7-8.

The rule was made absolute by the Judge aqua, to the extent of ordering defendants in rule to turn over to the Notary, the sum of $173.35, and in all other respects was dismissed and from that judgment plaintiff in rule has taken this appeal.

A careful investigation of the record in this case proves that since 1909, up to the present time, there has been a great deal of litigation between the spouses, beginning in the year above referred to, with a suit for divorce by the husband against his wife, but which suit was subsequently discontinued and terminated with the rule now before this Court.

After the husband discontinued his suit for divorce against his wife and prior to the institution by her, of a suit of separation of property, from her husband, he, Gastauer, borrowed from a client of Woodville & Woodville, the One Thousand Dollars in question, giving as security therefor, a mortgage on the property which plaintiff in rule claims as her separate property, but which as above stated, our Supreme Court decided, belonged to the community, and in which decision plaintiff in rule acquiesced by formally accepting said property with benefit of inventory and subsequently demanding a partition thereof.

In that suit this property, with some other personal property, as shown in the inventory taken by the Notary in these proceedings, as belonging to the community, were ordered to be sold, by the Court for the purpose of being partitioned and the parties were referred by the Court to the Notary who was ordered to partition same and all funds of the community being ordered to be turned over to the Notary for that purpose.

A proces of partition was submitted by the Notary to the interested parties but same was objected to by the wife and kx others, not parties to the rule, and which objections were finally passed upon by the Court.

387

Amongst the items objected to by Mrs. Gastauer as not chargable against the community, was an item of $214.60, which represented costs expended in the matter of the wife against her husband, which costs, it was claimed should be charged against the separate share coming to the husband.

There was the further objection made to the One Thousand Dollars, represented by the mortgage note, against the community property, as same was illegally executed by the husband on the property and said note is asked to be decreed null and void.

Other objections filed to said proces of partition by the wife, in our opinion have no bearing upon decision of the matter now before us.

The Judge of the Court aqua dismissed the opposition to the two items above referred to, from which an appeal was again taken to the Supreme Court, which Court maintained the validity of the mortgage, holding:

"That even though this mortgage may have been executed, as alleged, solely for the purpose of defrauding the wife or her community rights, but as the money had been advanced on the faith of said property, by an innocent third party and as at the time of said mortgage, there were no suits pending by the husband against the wife or the wife against the husband, for a separation of property or person, the husband had a right, as the head of the community, to mortgage the property and having done so, same must stand and be given full force and effect."

Gastauer vs. Gastauer, 143 Ann. 751-752.

In so far as the item of $214.60, costs are concerned, the Supreme Court held that the judgment in the separation suit retroacted to the filing of that suit and that suit having been filed, and the costs incurred after the decree of separation of property, same could not be charged against the community, but

must be charged against the husband seperately.

Gastauer vs. Gastauer, 143 Ann. 754.

We have quoted fully from what we consider the salient facts as disclosed by this record, for the reason that while it is our opinion that the only point upon which we are called upon to adjudicate is a right vel non of Mr. Gastauer as head and master of the community, to dispose of the One Thousand Dollars which defendants in rule are called upon to turn over to the Notary, at the same time, it was necessary for us to determine first, if said One Thousand Dollars was community property, and if so, to what extent same could be disposed of by Mr. Gastauer in connection with the various suit for separation, divorce, etc. which this record shows to have been brought against him by his wife.

The Supreme Court having decided that the property mortgaged, was community property, (131 Ann. 6-7) and that the mortgage executed by Gastauer was valid (143 Ann. 751-752), we have no doubt that as head and master of that community, he had the right to do with the proceeds of that mortgage, as he pleased, without consulting his wife or in any way obtaining her consent thereto.

Revised Civil Code, Article 2404.

This right, however, was his only as long as there existed a community of property between himself and his wife and as the suit of separation of property was instituted by plaintiff in rule, against her husband, on February 23rd, 1910, to which said separation she was decreed to be entitled (131 Ann. p. 2) and as she, in a subsequent proceeding was granted a divorce against him, (132 La. 942), which said judgment was decreed to be retroactive to the date of its filing (143 Ann. 753), we are of opinion that from February 23rd, 1910, the date of the filing of suit for separation of property, that Mr. Gastauer was no longer, under the law, master of the prop-

389

erty, consequently had no right to dispose of same as such.

Referring to a statement filed by Messrs. Woodville & Woodville, the testimony of Mr. J. A. Woodville, in connection therewith, we have arrived at the following conclusion: First: The item of Fifty Dollars, charged against the One Thousand Dollars mortgage note, for negotiating sale thereof, prior to February 23rd, 1910, is a proper charge and should be allowed.

Second: That the Five Hundred Dollar fee of Woodville & Woodville, attorneys, for services rendered for Mr. Gastauer deducted by them at the time, this money came into their hands, is a proper charge and also should be allowed.

Third: That the costs of both Courts advanced by said law firm, in the divorce suit brought by Mr. Gastauer against his wife, /~~also paid~~ paid by them prior to February 23rd, 1910, amounting to $23.90, should be allowed.

Fourth: That the further sum of Two Hundred Dollars, paid by Woodville & Woodville from this One Thousand Dollars, to Mr. Gastauer should be deducted from the amount which said attorneys are compelled to turn over to said Notary, for the purpose of being partitioned, the Notary not h ving been appointed until January, 1913, while the firm of Woodville & Woodville had no right to retain this money ~~in~~ or any part thereof, after demand had been made upon ~~themxxithexxxfxxxx~~ them therefor, by Mr. Gastauer, to whom it belonged. Hence there remains the sum of $173.35 which Messrs. Woodville & Woodville admit to be in their hands, being balance due for the account of Gastauer and which under the decision of the Supreme Court, as above quoted, should be charged against the separate funds of said Gastauer, making a total of $234.90, which sum should be turned over to the Notary, by Woodville & Woodville, for the purpose of being partitioned.

It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be amended so as to order the firm of Woodville & Woodville and the individual members thereof, J. A. Woodville and J. L. W. Woodville, to turn over to George Montgomery, Esquire, Notary Public for the purpose of being included in the partition proceedings, in the matter of Mrs. Sophie Gastauer versus George Gastauer, the sum of $234.90, with five per cent interest thereon, from February 23rd, 1910, and in all other respects said judgment of the Court aqua bs affirmed, the defendant in rule to pay costs of this Court.

-Judgment amended and affirmed-